UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID GATEWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:03-CV-1214 CAS |
| ) | |
| FARMINGTON CORRECTIONAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This prisoner § 1983 matter is before the Court on defendants' motion to amend their answer and for leave to file a dispositive motion based on a plaintiff's alleged failure to exhaust his administrative remedies. Plaintiff, through appointed counsel, filed a memorandum in opposition. For the following reasons, the Court will deny defendants' motion.

Plaintiff filed this action on August 28, 2003, asserting various constitutional violations pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment on the merits of plaintiff's claims in June 2004, which was subsequently granted in part and denied in part. Now, approximately six weeks before the trial date, defendants seek leave to amend their answer and file a dispositive motion. In support of their motion, defendants assert that they obtained new counsel in April 2006 and only recently learned that plaintiff failed to name some of the defendants in his grievances, and that failure to exhaust administrative remedies was not pleaded in defendants' answer as an affirmative defense. Plaintiff responds that defendants' motion is untimely, offers no valid reason for their delay, and would result in undue prejudice to plaintiff. The Court agrees.

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the

Court has discretion whether or not to grant leave to amend. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See <u>Bell v. Allstate Life Ins. Co.</u>, 160 F.3d 452, 454 (8th Cir. 1998). Delay in seeking to amend, alone, is an insufficient justification to deny leave. Prejudice to the nonmovant must also be shown. <u>Bell</u>, 160 F.3d at 455.

The Court believes that granting defendants' motion would be unduly prejudicial to the plaintiff and that defendants have waived their right to assert additional affirmative defenses for the reasons discussed below. Defendants are correct that pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(h) ("PLRA"), a prisoner must exhaust administrative remedies before filing suit. The Eighth Circuit has held that a plaintiff must name a defendant in a grievance before suing that defendant in court. See <u>Asbdul-Muhammed v. Kempker</u>, 450 F.3d 350, 352 (8th Cir. 2006). Neither the statute nor relevant precedent, however, excuses defendants' failure to plead the affirmative defense. The PLRA's exhaustion requirement is not new, but rather is a well-established affirmative defense that the defendant has the burden to plead and prove. <u>Nerness v. Johnson</u>, 401 F.3d 874, 876 (8th Cir. 2005). A defendant's reliance on the PLRA exhaustion requirement can be waived. See <u>Foulk v. Charrier</u>, 262 F.3d 687, 697 (8th Cir. 2001)

The parties completed discovery in this action and the Court ruled on defendants' dispositive motion over a year ago, in a lengthy and detailed order which permitted some of plaintiff's Eighth Amendment claims and his First Amendment claim to go forward. The summary judgment motion was based in part on the PLRA, 42 U.S.C. § 1997(e) (limiting available damages). Defendants have

2

no legitimate reason for failing to plead failure to exhaust administrative remedies in their answer as they had all the factual information necessary to assert the defense at that time. Failure to exhaust administrative remedies is a standard affirmative defense in prisoner § 1983 litigation and defendants' recent discovery of their oversight does not provide cause for granting leave to amend at this late date.[1] The deadline for amending pleadings under the applicable Case Management Order was April 21, 2004. The Court finds that defendants have waived their right to plead exhaustion of administrative remedies under the PLRA.

Moreover, plaintiff would be unduly prejudiced if leave to amend were granted because plaintiff's counsel was appointed after discovery closed in this case and therefore had no opportunity to depose the defendants and conduct discovery on the issue of the alleged failure to exhaust administrative remedies. Plaintiff's counsel has completed trial preparation based on the issues as framed in the Memorandum and Order of March 10, 2005, and would be required to do additional preparation if the motion for leave to amend was granted.[2] Further, this case has been on file for almost three years and prejudice to the plaintiff is inherent where he survived a motion for summary judgment without the benefit of counsel and is now within mere weeks of trial, only to have defendants belatedly raise a threshold issue that could have been raised years ago. Therefore, defendants' motion will be denied.

---

[1]Defendants' assertion that they have recently obtained new counsel is particularly unpersuasive, as all of defendants' counsel have been part of the Missouri Attorney General's Office.

[2]The case was previously set for trial in September 2005 and June 2006.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for leave to amend answer and for leave to file dispositive motion is **DENIED**.  [Doc. 76]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of August, 2006.